# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY L. ROWLAND, | ) 1:15-cv-01475-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS (ECF No. 10) |
| v. | |
| F. VASQUEZ, et al., | |
| Defendants. | ) THIRTY-DAY DEADLINE |

Plaintiff Casey L. Rowland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 14, 2015, and the matter was transferred to this Court on September 29, 2015. Plaintiff's first amended complaint, filed on July 5, 2016, is currently before the Court for screening.  (ECF No. 10).

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   A complaint must contain "a short and plain statement of the claim showing that the

2   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

5   1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

6   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

7   unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

8   (internal quotation marks and citation omitted).

9   To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);

12  *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility

13  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short

14  of satisfying the plausibility standard. *Iqbal***,** 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks

15  omitted); *Moss*, 572 F.3d at 969.

16  **Summary of Plaintiff's Allegations**

17  Plaintiff is currently housed at High Desert State Prison.  The events in the complaint are

18  alleged to have occurred while Plaintiff was housed at Corcoran State Prison ("CSP").  Plaintiff

19  names the following defendants:  (1) F. Vasquez, Chief Deputy Warden; (2) P. Llamas, Captain;

20  (3) Sarah Leon, Sergeant; (4) Ric Pavich, Maintenance Engineer; (5) Melo, Correctional Officer;

21  and (6) Dave Davy, Warden.  Plaintiff brings suit against defendants in their individual and

22  official capacities.

23  Plaintiff alleges:  On May 18, 2015, the hot water was shut off inside the cell Plaintiff

24  occupied.  Many times, the cold water also was turned off.  Plaintiff alleges that he was deprived

25  of drinkable water until May 20, 2015, and many other days periodically for over two months.

26  Plaintiff also alleges that the hot water was shut off many more days and was an ongoing issue.

27  Plaintiff further alleges that the plumbing was in such disrepair that many times when other

28  inmates flushed their toilets, bodily waste (feces and urine) would back up into Plaintiff's toilet,

1   causing it to overflow and cover the floor in his cell and the tier in front of his cell.  Plaintiff

2   contends that he repeatedly was forced to eat, sleep and live-in human bodily waste and saturated

3   fumes for over two months, which harmed him physically by causing sores and rashes.  Plaintiff

4   also contends that he was deprived of cleaning supplies that would prevent the spread of germs,

5   bacteria and disease.

6         On June 3, 2015, during an appearance at committee, Plaintiff informed Defendant

7   Vasquez of the water issue he was experiencing in his cell for over two weeks.  Plaintiff

8   requested to be moved to a fully functioning housing unit.  In response, Plaintiff allegedly was

9   laughed at by Defendant Vasquez and others present during committee.  Plaintiff was told, "I

10  don't know when the water in your cell will be working!"  (ECF No. 10, p. 10).  Plaintiff

11  informed Defendant Vasquez that he had no hot/warm and, at times, even cold water, and never

12  received any cleaning supplies or soaps to contain the spread of germs, diseases and bacteria.

13  Plaintiff also told him that the plumbing was in such disrepair that when others flushed their

14  toilets it caused fecal matter and urine to come through Plaintiff's pipes and overflow.  Although

15  Plaintiff apprised defendants of this situation, he was denied an opportunity to move to a

16  functioning cell and deprived of any cleaning supplies.  Plaintiff was told by Defendants

17  Vasquez and Leon that the water would be working and back to normal in a few days or week

18  and to quit crying and complaining.  Plaintiff alleges that the problem went on for over two

19  months and was still ongoing as recently as February 16, 2016.

20        Plaintiff further alleges that his request for interviews went unanswered.  Plaintiff

21  contends that Defendant Leon defamed his good name and reputation by stating in front of

22  correctional officers and other inmates that Plaintiff was a snitch and was snitching.  Plaintiff

23  alleges that this put his life and health further at risk because Plaintiff asked about the status of a

24  complaint.  Plaintiff alleges that Defendant Leon's comments were made for the sole purpose of

25  having Plaintiff harmed.

26        On June 6, 2015, Plaintiff sent a CDCR 22 request to Defendant Llamas for interview.

27  Plaintiff apprised Defendant Llamas of the above-identified events.  On June 29, 2015,

28  Defendant Llamas responded that "the issue regarding not having hot water is a maintenance

1    issue" and to "forward [his] concerns to that department."  Defendant Llamas indicated that he

2    was being told that it might be another week or two before the water is restored.  Plaintiff

3    contends that Defendant Llamas disregarded Plaintiff's issue regarding his living conditions.

4        On June 28, 2015, Plaintiff sent a 22 Form Request for interview to Defendant Warden

5    Davy concerning the above-identified facts.  Plaintiff alleges that once he had presented the

6    Warden with these problems in writing, then the Warden had knowledge and failed to respond to

7    cure the issue.

8        Plaintiff alleges that due to the water crisis and related problems, including no cleaning

9    supplies, he began to break out in sores, puss bumps and rashes caused by the unsanitary living

10   conditions.  Plaintiff was scheduled to see the doctor on July 23, 2015, because his medical

11   condition had worsened.  Plaintiff asserts that Defendant Melo refused to escort Plaintiff for

12   treatment by the doctor.  Defendant Melo reportedly lied to the medical staff by stating that

13   Plaintiff refused.  Plaintiff alleges that this false statement caused a delay in Plaintiff's treatment,

14   causing his condition to worsen on his back, buttocks, scalp, arms, legs, neck and chest.

15       On July 1, 2015, Plaintiff filed a request for interview to the maintenance department as

16   directed by Defendant Llamas.  On July 15, 2015, Defendant Ric Pavich of the maintenance

17   department told Plaintiff that it was going to take two more weeks, by July 30, 2015.

18       Plaintiff asserts that Defendants Davy, Vasquez, Llamas, Melo, Pavich and Leon had the

19   authority to "red line" the cell, i.e., declare it unsafe for occupancy, until the water was drinkable

20   or otherwise fully functioning and the contaminated sewage was no longer overflowing into the

21   cell from other toilets.  Plaintiff contends that defendants were deliberately indifferent, negligent

22   and engaged in slander and defamation.  As relief, Plaintiff seeks a declaratory judgment, along

23   with compensatory and punitive damages.

24       **Discussion**

25       A.    **Official Capacity – Eleventh Amendment**

26       Plaintiff attempts to bring suit against defendants in both their individual and official

27   capacities.

28

1    The Eleventh Amendment prohibits suits for monetary damages against a State, its

2    agencies, and state officials acting in their official capacities. *Aholelei v. Dept. of Public Safety*,

3    488 F.3d 1144, 1147 (9th Cir. 2007).   A suit against a state official in his official capacity

4    equates to a suit against the state employing that official, *Hafer v. Melo*, 502 U.S. 21, 25, 112

5    S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from bringing suit on these

6    grounds.   However, the Eleventh Amendment does not bar a suit for monetary damages against a

7    state official sued in his individual capacity. *Id.*

8    Plaintiff's claims against defendants in their official capacities are tantamount to bringing

9    suit against the State.   As a result, Plaintiff's claims against defendants in their official capacities

10   cannot stand and are barred by the Eleventh Amendment.   However, Plaintiff is not precluded

11   from bringing a suit for monetary damages against defendants in their individual capacities.

12   **B.  Supervisory Liability**

13   Insofar as Plaintiff brings suit against Defendant Warden Davy based on his supervisory

14   role, he may not do so.   Supervisory personnel may not be held liable under section 1983 for the

15   actions of subordinate employees based on respondeat superior or vicarious liability. *Crowley v.*

16   *Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and*

17   *Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915–

18   16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally

19   involved in the constitutional deprivation, or (2) there is a sufficient causal connection between

20   the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977

21   (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; *Lacey*, 693 F.3d at

22   915–16. "Under the latter theory, supervisory liability exists even without overt personal

23   participation in the offensive act if supervisory officials implement a policy so deficient that the

24   policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

25   violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989))

26   (internal quotation marks omitted).

27   Plaintiff has not alleged that Defendant Davy either was personally involved in the

28   alleged constitutional violations or instituted a deficient policy.   That Plaintiff may have sent a

5

1   CDCR 22 Form Request for interview to Defendant Davy is not sufficient to demonstrate that (1)

2   Defendant Davy received the request, (2) knew of the issues related Plaintiff's cell and refused to

3   correct them, or (3) there is any causal connection between Defendant Davy and the alleged

4   constitutional violations.

5          **C.  Deliberate Indifference - Eighth Amendment**

6          "The Eighth Amendment's prohibition against cruel and unusual punishment protects

7   prisoners not only from inhumane methods of punishment but also from inhumane conditions of

8   confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials

9   therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing,

10  sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

11  2000) (citations omitted). A prisoner claiming an Eighth Amendment violation must show (1)

12  that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison

13  officials were deliberately indifferent to his safety in allowing the deprivation to take place.

14  *Morgan*, 465 F.3d at 1045, quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128

15  L.Ed.2d 811 (1994).

16         Cell Conditions

17         Plaintiff's allegations regarding the lack of hot water, and sometimes cold water, fails to

18  state a cognizable Eighth Amendment claim.   First, Plaintiff fails to allege any facts

19  demonstrating that any named defendant was responsible for the brief periods during which

20  Plaintiff lacked hot water and sometimes cold water.  Plaintiff also fails to set forth sufficient

21  facts demonstrating that the alleged lack of hot water, and brief periods without cold water, were

22  sufficiently serious.  Plaintiff also fails to demonstrate how he was harmed by this alleged

23  violation.

24         Plaintiff's allegations regarding sewage overflowing in his cell and lack of cleaning of

25  supplies are sufficiently serious to state a cognizable Eighth Amendment claim against

26  Defendants Vasquez, Leon, Llamas and Pavich.  However, there is no indication that Defendants

27  Davy and Melo knew of the sewage and were deliberately indifferent to the conditions of

28  Plaintiff's cell.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Inmate Safety</u>

Plaintiff's allegations that Defendant Leon labeled him a snitch in front of other inmates, thereby putting his life in danger, are sufficient to state a claim for deliberate indifference. Allegations that a prison official called a prisoner a "snitch" in the presence of other inmates may state a claim of deliberate indifference to an inmate's safety. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (after prison officers labeled prisoner a snitch, he was threatened with harm by fellow prisoners).

<u>Medical Care</u>

Plaintiff alleges that Defendant Melo was deliberately indifferent to Plaintiff's medical needs. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. at 837.

Plaintiff has stated a cognizable claim against Defendant Melo arising from the failure to escort Plaintiff to treatment and lying about the reasons, resulting in further harm.

**D. Retaliation – First Amendment**

Plaintiff alleges that Defendant Leon retaliated against Plaintiff for asking about the status of his complaint/request form regarding his living conditions.

1      Within the prison context, a viable claim of First Amendment retaliation consists of five

2  elements: "(1) An assertion that a state actor took some adverse action against an inmate (2)

3  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

4  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

5  legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *accord*

6  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269

7  (9th Cir. 2009).

8      A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated

9  against for exercising his constitutional rights and that the retaliatory action does not advance

10  legitimate penological goals, such as preserving institutional order and discipline." *Barnett v.*

11  *Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).  The plaintiff does not need to show actual inhibited

12  or suppressed speech, but that there was a chilling effect upon his speech. *Rhodes*, 408 F.3d at

13  569.  The burden is on the plaintiff to plead and prove the absence of any legitimate correctional

14  goals for the alleged conduct. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

15      At the pleading stage, Plaintiff has stated a cognizable retaliation claim against Defendant

16  Leon.

17      **E.  State Law Claims**

18      Insofar as Plaintiff is attempting to pursue state law claims for negligence, slander or

19  defamation, he has failed to allege necessary compliance with the Government Claims Act.

20      The Government Claims Act requires that a tort claim against a public entity or its

21  employees be presented to the California Victim Compensation and Government Claims Board

22  no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2,

23  945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are

24  conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208–09, 64

25  Cal.Rptr.3d 210, 164 P.3d 630 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32

26  Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (Cal. 2004); *Mabe v. San Bernardino Cnty.*

27  *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub.*

28  *Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public

1  employee, a plaintiff must allege compliance with the Government Claims Act. *Shirk*, 42 Cal.4th
2  at 209, 64 Cal.Rptr.3d 210, 164 P.3d 630; *Bodde*, 32 Cal.4th at 1239, 13 Cal.Rptr.3d 534, 90
3  P.3d 116; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621,
4  627 (9th Cir. 1988).

5  **F.  Declaratory Relief**

6  In addition to monetary damages, Plaintiff seeks a declaration that his rights were
7  violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as
8  a matter of judicial discretion, exercised in the public interest."  *Eccles v. Peoples Bank of*
9  *Lakewood Village*, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will
10  neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate
11  the proceedings and afford relief from the uncertainty and controversy faced by the parties."
12  *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action
13  reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that
14  Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any defendant
15  violated Plaintiff's rights is unnecessary.

16  **CONCLUSION AND ORDER**

17  Plaintiff's complaint states the following cognizable claims:  (1) an Eighth Amendment
18  claim against Defendants Vasquez, Leon, Llamas and Pavich in their individual capacities
19  arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning of
20  supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity
21  arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth
22  Amendment claim for deliberate indifference to serious medical needs against Defendant Melo
23  in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon
24  in her individual capacity.  Plaintiff fails to state any other cognizable section 1983 or state law
25  claims.

26  The Court will provide Plaintiff with the opportunity to file an amended complaint curing
27  the deficiencies identified by the Court in this order.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
28  Cir. 2000).  If Plaintiff does not wish to file an amended complaint and is agreeable to

proceeding only on his cognizable claims, Plaintiff may so notify the Court in writing. Plaintiff will then be provided with the necessary summonses and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on the defendants against whom Plaintiff chooses to proceed against in this action.

Alternatively, if Plaintiff elects to amend his complaint, then his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff must either:

a.      File an amended complaint curing the deficiencies identified by the Court in this order; or

b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claims identified in this order.

3.      **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   __**November 14, 2016**__          ____/s/ *Barbara A. McAuliffe*_____
                                                              UNITED STATES MAGISTRATE JUDGE