# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LEE ROWLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01475-LJO-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Casey Lee Rowland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

**I.　Procedural Background and <u>Williams v. King</u>**

On November 14, 2016, the Court screened Plaintiff's first amended complaint and found that he stated the following cognizable claims: (1) an Eighth Amendment claim against Defendants Vasquez, Leon, Llamas, and Pavich in their individual capacities arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon in her individual capacity. (ECF No.

1

13.) After Plaintiff notified the Court that he wished to proceed only on the claims found cognizable, the Court dismissed all other claims and defendants from this action. (ECF Nos. 14, 15.) This case has proceeded on Plaintiff's claims against Defendants Vasquez, Leon, Llamas, Pavich, and Melo.

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, all Defendants were not yet served at the time that the Court screened the first amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.[1]

## II. Findings and Recommendations on Complaint

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

---

[1] On March 28, 2017, Defendants filed a motion for summary judgment. (ECF No. 18.) As discussed herein, these findings and recommendations are based upon a screening of the allegations in Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), at the time that it was filed. The Court makes no findings on the merits of the arguments, defenses, or affirmative defenses raised in the pending motion for summary judgment. Separate findings and recommendations will issue on that motion in due course.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.     Plaintiff's Allegations**

Plaintiff is currently housed at High Desert State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison ("CSP"). Plaintiff names the following defendants: (1) F. Vasquez, Chief Deputy Warden; (2) P. Llamas, Captain; (3) Sarah Leon, Sergeant; (4) Ric Pavich, Maintenance Engineer; (5) Melo, Correctional Officer; and (6) Dave Davy, Warden. Plaintiff brings suit against defendants in their individual and official capacities.

Plaintiff alleges: On May 18, 2015, the hot water was shut off inside the cell Plaintiff occupied. Many times, the cold water also was turned off. Plaintiff alleges that he was deprived of drinkable water until May 20, 2015, and many other days periodically for over two months. Plaintiff also alleges that the hot water was shut off many more days and was an ongoing issue. Plaintiff further alleges that the plumbing was in such disrepair that many times when other

inmates flushed their toilets, bodily waste (feces and urine) would back up into Plaintiff's toilet, causing it to overflow and cover the floor in his cell and the tier in front of his cell. Plaintiff contends that he repeatedly was forced to eat, sleep and live-in human bodily waste and saturated fumes for over two months, which harmed him physically by causing sores and rashes. Plaintiff also contends that he was deprived of cleaning supplies that would prevent the spread of germs, bacteria and disease.

On June 3, 2015, during an appearance at committee, Plaintiff informed Defendant Vasquez of the water issue he was experiencing in his cell for over two weeks. Plaintiff requested to be moved to a fully functioning housing unit. In response, Plaintiff allegedly was laughed at by Defendant Vasquez and others present during committee. Plaintiff was told, "I don't know when the water in your cell will be working!" (ECF No. 10, p. 10). Plaintiff informed Defendant Vasquez that he had no hot/warm and, at times, even cold water, and never received any cleaning supplies or soaps to contain the spread of germs, diseases and bacteria. Plaintiff also told him that the plumbing was in such disrepair that when others flushed their toilets it caused fecal matter and urine to come through Plaintiff's pipes and overflow. Although Plaintiff apprised defendants of this situation, he was denied an opportunity to move to a functioning cell and deprived of any cleaning supplies. Plaintiff was told by Defendants Vasquez and Leon that the water would be working and back to normal in a few days or week and to quit crying and complaining. Plaintiff alleges that the problem went on for over two months and was still ongoing as recently as February 16, 2016.

Plaintiff further alleges that his request for interviews went unanswered. Plaintiff contends that Defendant Leon defamed his good name and reputation by stating in front of correctional officers and other inmates that Plaintiff was a snitch and was snitching. Plaintiff alleges that this put his life and health further at risk because Plaintiff asked about the status of a complaint. Plaintiff alleges that Defendant Leon's comments were made for the sole purpose of having Plaintiff harmed.

On June 6, 2015, Plaintiff sent a CDCR 22 request to Defendant Llamas for interview. Plaintiff apprised Defendant Llamas of the above-identified events. On June 29, 2015, Defendant

4

Llamas responded that "the issue regarding not having hot water is a maintenance issue" and to "forward [his] concerns to that department." Defendant Llamas indicated that he was being told that it might be another week or two before the water is restored. Plaintiff contends that Defendant Llamas disregarded Plaintiff's issue regarding his living conditions.

On June 28, 2015, Plaintiff sent a 22 Form Request for interview to Defendant Warden Davy concerning the above-identified facts. Plaintiff alleges that once he had presented the Warden with these problems in writing, then the Warden had knowledge and failed to respond to cure the issue.

Plaintiff alleges that due to the water crisis and related problems, including no cleaning supplies, he began to break out in sores, puss bumps and rashes caused by the unsanitary living conditions. Plaintiff was scheduled to see the doctor on July 23, 2015, because his medical condition had worsened. Plaintiff asserts that Defendant Melo refused to escort Plaintiff for treatment by the doctor. Defendant Melo reportedly lied to the medical staff by stating that Plaintiff refused. Plaintiff alleges that this false statement caused a delay in Plaintiff's treatment, causing his condition to worsen on his back, buttocks, scalp, arms, legs, neck and chest.

On July 1, 2015, Plaintiff filed a request for interview to the maintenance department as directed by Defendant Llamas. On July 15, 2015, Defendant Ric Pavich of the maintenance department told Plaintiff that it was going to take two more weeks, by July 30, 2015.

Plaintiff asserts that Defendants Davy, Vasquez, Llamas, Melo, Pavich and Leon had the authority to "red line" the cell, i.e., declare it unsafe for occupancy, until the water was drinkable or otherwise fully functioning and the contaminated sewage was no longer overflowing into the cell from other toilets. Plaintiff contends that defendants were deliberately indifferent, negligent and engaged in slander and defamation. As relief, Plaintiff seeks a declaratory judgment, along with compensatory and punitive damages.

**C.     Discussion**

    **1.     Official Capacity – Eleventh Amendment**

Plaintiff attempts to bring suit against defendants in both their individual and official capacities.

5

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). A suit against a state official in his official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. Id.

Plaintiff's claims against defendants in their official capacities are tantamount to bringing suit against the State. As a result, Plaintiff's claims against defendants in their official capacities cannot stand and are barred by the Eleventh Amendment. However, Plaintiff is not precluded from bringing a suit for monetary damages against defendants in their individual capacities.

### 2. Supervisory Liability

Insofar as Plaintiff brings suit against Defendant Warden Davy based on his supervisory role, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Davy either was personally involved in the alleged constitutional violations or instituted a deficient policy. That Plaintiff may have sent a CDCR 22

Form Request for interview to Defendant Davy is not sufficient to demonstrate that (1) Defendant Davy received the request, (2) knew of the issues related Plaintiff's cell and refused to correct them, or (3) there is any causal connection between Defendant Davy and the alleged constitutional violations.

### 3. Deliberate Indifference – Eighth Amendment

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045, quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).

#### a. Cell Conditions

Plaintiff's allegations regarding the lack of hot water, and sometimes cold water, fails to state a cognizable Eighth Amendment claim. First, Plaintiff fails to allege any facts demonstrating that any named defendant was responsible for the brief periods during which Plaintiff lacked hot water and sometimes cold water. Plaintiff also fails to set forth sufficient facts demonstrating that the alleged lack of hot water, and brief periods without cold water, were sufficiently serious. Plaintiff also fails to demonstrate how he was harmed by this alleged violation.

Plaintiff's allegations regarding sewage overflowing in his cell and lack of cleaning of supplies are sufficiently serious to state a cognizable Eighth Amendment claim against Defendants Vasquez, Leon, Llamas and Pavich. However, there is no indication that Defendants Davy and Melo knew of the sewage and were deliberately indifferent to the conditions of Plaintiff's cell.

///

### b. Inmate Safety

Plaintiff's allegations that Defendant Leon labeled him a snitch in front of other inmates, thereby putting his life in danger, are sufficient to state a claim for deliberate indifference. Allegations that a prison official called a prisoner a "snitch" in the presence of other inmates may state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (after prison officers labeled prisoner a snitch, he was threatened with harm by fellow prisoners).

### c. Medical Care

Plaintiff alleges that Defendant Melo was deliberately indifferent to Plaintiff's medical needs. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has stated a cognizable claim against Defendant Melo arising from the failure to escort Plaintiff to treatment and lying about the reasons, resulting in further harm.

### 4. Retaliation – First Amendment

Plaintiff alleges that Defendant Leon retaliated against Plaintiff for asking about the status of his complaint/request form regarding his living conditions.

///

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

At the pleading stage, Plaintiff has stated a cognizable retaliation claim against Defendant Leon.

### 5. State Law Claims

Insofar as Plaintiff is attempting to pursue state law claims for negligence, slander or defamation, he has failed to allege necessary compliance with the Government Claims Act. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09, 64 Cal. Rptr. 3d 210, 164 P.3d 630 (Cal. 2007); State v. Superior Ct. of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege

compliance with the Government Claims Act.  Shirk, 42 Cal.4th at 209, 64 Cal. Rptr. 3d 210, 164 P.3d 630; Bodde, 32 Cal. 4th at 1239, 13 Cal. Rptr. 3d 534, 90 P.3d 116; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

### 6. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## III. Conclusion and Order

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on the following cognizable claims: (1) an Eighth Amendment claim against Defendants Vasquez, Leon, Llamas and Pavich in their individual capacities arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning of supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon in her individual capacity;
2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted.

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 30, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE