# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LEE ROWLAND, | Case No. 1:15-cv-01475-LJO-BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| BEARD, et al, | (ECF No. 31) |
| Defendants. | |

Plaintiff Casey Lee Rowland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Llamas, Melo, Pavich, Leon, and Vasquez have appeared in this action, while Defendants Beard and Davy have not.

On November 14, 2016, the assigned magistrate judge screened Plaintiff's complaint and found that he stated the following cognizable claims: (1) an Eighth Amendment claim against Defendants Vasquez, Leon, Llamas, and Pavich in their individual capacities arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon in her individual capacity. (ECF No.

1

13.) After Plaintiff notified the Court that he wished to proceed only on the claims found cognizable, the Court dismissed all other claims and defendants from this action. (ECF Nos. 14, 15.) This case now proceeds on Plaintiff's claims against Defendants Vasquez, Leon, Llamas, Pavich, and Melo.

On January 30, 2018, the assigned magistrate judge re-screened plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as Plaintiff did here. (ECF No. 31.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations. The parties did not file any objections, and the time in which to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on January 30, 2018, (ECF No. 31), are adopted in full;
2. This action proceeds solely on the following cognizable claims: (1) an Eighth Amendment claim against Defendants Vasquez, Leon, Llamas, and Pavich in their individual capacities arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon in her individual capacity, as alleged in the first amended complaint, those claims having been found to be cognizable in the magistrate judge's prior screening orders, (ECF Nos. 13, 31);

3. All other claims and Defendants Beard and Davy are dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

Dated: __**February 26, 2018**__        __**/s/ Lawrence J. O'Neill**__
                                                                                    UNITED STATES CHIEF DISTRICT JUDGE