# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CASEY LEE ROWLAND, | Case No. 1:15-cv-01475-LJO-BAM (PC) |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY |
| v. | (Doc. No. 26) |
| BEARD, et al, | |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED |
| | (Doc. No. 18) |

**I.   Introduction**

Plaintiff Casey Lee Rowland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds on (1) an Eighth Amendment claim against Defendants Vasquez, Leon, Llamas and Pavich in their individual capacities arising out of allegations of sewage overflowing into Plaintiff's cell and lack of cleaning supplies; (2) an Eighth Amendment claim against Defendant Leon in her individual capacity arising out of allegations that Defendant Leon labelled Plaintiff a snitch; (3) an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo in his individual capacity; and (4) a First Amendment retaliation claim against Defendant Leon in her individual capacity.

1

Plaintiff's claims arise out of allegations that around June 2015, while he was housed at CSP-Corcoran, Defendants Pavich, Leon, Llamas and Vasquez became aware that his cell was flooded with sewage from his overflowing toilet, and that they did not repair the plumbing or relocate Plaintiff. (Doc. No. 10 ¶ 11-15.) Plaintiff claims that he suffered sores and rashes due to these unsanitary conditions. (Doc. No. 10 ¶ 18.) Defendant Leon allegedly called Plaintiff a snitch in front of other inmates in retaliation for him asking her about the status of his inquiry concerning his cell conditions. (Doc. No. 10 ¶ 15.) Finally, in July 2015, Defendant Melo allegedly refused to escort Plaintiff to a medical appointment, and then falsely claimed that Plaintiff refused the appointment. (Doc. No. 10 ¶ 18.)

Currently before the Court is Defendants' motion for summary judgment for the failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 56, filed on March 28, 2017. (Doc. No. 18.) Following an order by the Court, Plaintiff filed an opposition on May 12, 2017. (Doc. No. 23.) Defendant filed a reply on May 18, 2017. (Doc. No. 24.)

On July 10, 2017, Plaintiff filed a sur-reply. (Doc. No. 25.) Defendants then filed a motion to strike the sur-reply on July 14, 2017. (Doc. No. 26.) Plaintiff filed no response to the motion to strike.

These motions are now deemed submitted. Local Rule 230(l).

**II. Motion to Strike**

The Court first addresses Plaintiff's sur-reply and Defendants' motion to strike that filing. Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. *See U.S. ex rel. Meyer v. Horizon Health Corp*., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist*., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in

2

reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting sur-replies as a matter of course, and the Court is not generally inclined to permit sur-replies absent an articulation of good cause why such leave should be granted.

Here, Plaintiff did not seek leave of Court before filing his sur-reply, nor did he respond to the motion to strike explaining why his sur-reply should be considered even though he filed a lengthy opposition brief. Accordingly, Defendants' motion to strike the sur-reply will be granted. Next, the Court addresses the summary judgment motion.

### III. Motion for Summary Judgment

#### A. Legal Standards

#### 1. Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

The failure to exhaust is an affirmative defense, and Defendant bears the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. Defendant must "prove that there was an available administrative remedy, and that

3

the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If the Defendant carries this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id*. at 1166. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id*.

### 2. Exhaustion of Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. *Id*. at § 3084.2(a). Three levels of review are involved—a first level review, a second level review and a third level review. *Id*. at § 3084.7. Bypassing a level of review may result in rejection of the appeal. *Id*. at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The PLRA requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter*, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Exhaustion must be "proper."

*Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Id*. at 90.

### B. Parties' Arguments

Defendant argue that it is not contested that administrative remedies were available to Plaintiff, and that he failed to exhaust those remedies for every claim in this case. Specifically, Plaintiff only submitted one grievance about his cell conditions during the relevant time, complaining only of a lack of hot water. It did not discuss the allegations in this action of sewage or lack of cleaning supplies or naming any of the Defendants. Further, although Plaintiff submitted a grievance alleging that Defendant Leon called him a "snitch," he did not submit it through all levels of review. Finally, the grievance Plaintiff submitted mentioning his allegations that Defendant Melo refused to take him to a medical appointment was cancelled, and not fully exhausted. Based on the foregoing, Defendants seek summary judgment on all claims.

In opposition, Plaintiff argues that the process was effectively unavailable to him under the circumstances. Plaintiff asserts that the appeals coordinators incorrectly and improperly screen out grievances, and that he was obstructed from pursuing his grievances because of fear of retaliation. Plaintiff also argues that his grievances were granted in full or in part, so that no further exhaustion was necessary.

In reply, Defendants argue that Plaintiff conceded in his complaint that administrative remedies were available, and he cannot now assert unavailability merely to oppose summary judgment. Further, Plaintiff has not provided evidentiary support for his generalized assertions of unavailability. Defendants also argue that Plaintiff provides no support for his generalized assertions of improper screening, and the grievances he relies upon did not exhaust the claims in this action.

### C. Analysis

#### 1. Eighth Amendment Cell Conditions Claim

The Court will separately address the exhaustion of available remedies with respect to each claim in this case, beginning with Plaintiff's Eighth Amendment claim arising out of allegations of sewage contamination in his cell. (First. Am. Compl., Doc. No. 10, at 9-10.) The

parties do not dispute that on July 12, 2015, Plaintiff submitted a grievance on a CDC Form 602 regarding his cell conditions, with Log No. 15-3992-9. (Oliveira Decl., Doc. No. 18-4, Ex. C.) Plaintiff asserts that this grievance fully exhausted his claim; Defendants disagree. As noted above, Defendants have the initial burden of showing the absence of exhaustion.

In the section of the grievance requesting that Plaintiff explain the issue appealed, Plaintiff wrote as follows:

> I have been harmed by the prison officials in this facility SHU-yard 4A-2r-10 due to the tortuous indifference of not having any running hot or warm water in cell or the shower in over 55 days now is unsanitary and unreasonable.

(*Id*. at 18 (errors in original).) Plaintiff also wrote as his requested remedy to "please shut on the running hot water in cell-10 and the shower area so that I can clean myself and the cell." (*Id*.) On July 27, 2015, the appeal was reviewed, and it was found that there was an institutional hot water system failure on the Level 4A yard, and that the water lines were isolated for a time to complete repairs. (July 27, 2015 First Level Resp., Doc. No. 18-4, Ex. C.) The valve repairs were made and hot water was restored, and thus the issue was resolved. Thus, Plaintiff's appeal was granted in full at the first level. (*Id*. at 20.) Defendants argue that this grievance did not give prison officials sufficient notice of the claim at issue in this case regarding sewage contamination in Plaintiff's cell, and therefore he did not exhaust that claim.

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (same). "[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin*, 557 F.3d at 1120 (internal quotation marks omitted). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." *Morton*, 559 F.3d at 946 (quoting *Griffin*, 557 F.3d at 1120).

///

Here, California regulations required a prisoner to lodge his complaint on a CDC Form 602 and "to describe the problem and action requested." *See* Cal. Code Regs. tit. 15, § 3084.2(a). Plaintiff's description of the problem and the action requested entirely relates to a lack of hot water and the desire to have hot water restored. There is no mention of his toilet flooding, sewage flowing into his cell, or any discussion of Defendants' knowledge of any toilet flooding or their failure to address sewage issues, in Plaintiff's grievance. Thus, this grievance did not put prison officials on notice of the allegations that Plaintiff raises in his Eighth Amendment cell conditions claim against Defendants in this action. Therefore, Defendants have met their burden to show that Plaintiff did not exhaust available administrative remedies for this claim.

Plaintiff argues that there was some impropriety in the grievance system that prevented him from exhausting his claim. He argues that he meant to or attempted to attach additional documentation to his Form 602 describing at length his complaint, but it was being withheld. In support, Plaintiff submits a CDC Form 22 submitted to prison officials on June 28, 2015, and a declaration by him, dated July 7, 2015. (Pl.'s Opp'n, Doc. No. 23, Ex. C.)

Considering Plaintiff's evidence in the light most favorable to him, it does not support his argument. The CDC Form 22 that he relies upon describes his complaint as follows:

> Since May 18th, 2015 over (40-days) the physical conditions of this security housing unit and isolated confinement is in violation of the U.S. Constitution. Corcoran-SHU has intentionally and purposely deprived me of warm and/or hot water for (40-days) which is "unreasonable" and constitutions an "infringement" of civil rights of a prisoner(s) in violation of the 8th Amendment to cruel and unusual punishment. We can only shower 3 times a week, are or 40 days already do it in cold water (only). That's torture! Hot water is a necessity to help clean ones self and the cell. Without it it creates unhygienic conditions. That has caused my skin to break out badly and your liable civilly for this harm. This is my second request and notice the first went unanswered.

(*Id*. at 35 (errors in original).) Thus, just as in his Form CDC 602, Plaintiff's CDC Form 22 only mentions a lack of warm or hot water, and does not discuss any toilet overflowing or sewage in his cell. Likewise, Plaintiff's July 7, 2015 declaration only discusses a lack of hot running water, and complaints he made regarding that matter. (*Id*. at 36.) Thus, to the extent Plaintiff is arguing that prison officials prevented him from informing them about the toilet overflowing and sewage contamination of his cell due to some withholding of these documents, the argument is meritless.

Plaintiff also attempts to rely upon a CDC Form 22s that he submitted after this case began, on or about March 6 and March 8, 2016, in which he generally states that he is suffering from unsanitary living conditions, including a lack of hot water. (Pl.'s Opp'n 45-47.) Part of these papers appear to discuss some alleged problem with the water and toilets in March 2016, and Plaintiff states that he "again" had to live in bodily waste from overflowing toilets. (*Id*. at 47.) These documents regarding incidents that are not at issue in this case, prepared during the course of this litigation, and prepared nearly a year after the incidents that form the basis of the claim in this action, cannot be used to show that Plaintiff fully exhausted his available administrative remedies prior to bringing suit on this claim. The PLRA, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, ––– U.S. ––––, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016) (a court may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA).

Although not entirely clear, it appears that Plaintiff may also be arguing that remedies were effectively unavailable with respect to this grievance due to fear of retaliation by prison officials. "[A] prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (citing *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015)). "In order for a fear of retaliation to excuse the PLRA's exhaustion requirement, the prisoner must show that (1) 'he actually believed prison officials would retaliate against him if he filed a grievance'; and (2) 'a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.'" *Id*. (citing *McBride*, 807 F.3d at 987).

Here, in support of this argument, Plaintiff relies on events that occurred in February and May 2016, events which occurred long after he attempted to grieve the complaint regarding his cell condition in July 2015. This evidence of later-occurring events cannot show that Plaintiff

8

subjectively feared retaliation or objectively had a reasonable fear of retaliation for pursuing a grievance here. Therefore, Plaintiff has not met his burden to show that administrative remedies were effectively unavailable to him with respect to this cell conditions claim. *See Albino*, 747 F.3d at 1172.

Accordingly, the Court finds that Plaintiff did not exhaust available administrative remedies for his Eighth Amendment cell conditions claim against Defendants Vasquez, Leon, Llamas, and Pavich. Defendants are entitled to summary judgment with respect to that claim. The Court next turns to Plaintiff's remaining Eighth and First Amendment claims against Defendant Leon.

### 2. Eighth and First Amendment Claims Against Defendant Leon

Plaintiff's Eighth and First Amendment claims against Defendant Leon arise out of allegations that he asked Defendant Leon about the status of his complaints regarding his cell conditions, and she stated in front of other correctional officers and other inmates that Plaintiff was a snitch and was snitching, endangering his safety. (First Am. Compl. 11.) Based on his allegations, Plaintiff proceeds on an Eighth Amendment claim for deliberate indifference to his safety, and a First Amendment claim for retaliation.

The parties do not dispute that on February 30, 2016, Plaintiff submitted a grievance with Log No. 5-16-01481 asserting that Defendant Leon endangered him by calling him a snitch. (Oliveira Decl., Doc. No. 18-4, Ex. C.) Defendants argue that Plaintiff did not exhaust this grievance to the third level of review, and therefore Plaintiff failed to properly exhaust his administrative remedies prior to initiating this action, as required.

The undisputed evidence shows that since Plaintiff's grievance involved allegations of staff misconduct, his appeal bypassed the first level of review and was initially processed at the second level. (Oliveira Decl., Ex. F at 62-63.) Plaintiff was then interviewed on May 4, 2016, by Defendant Llamas. (May 4, 2016 Second Level Resp., Doc. 18-4, Ex. C at 60-61.) During the interview, Plaintiff explained the allegations to Defendant Llamas, and additional interviews were conducted of staff and inmates as a result. (*Id*. at 61.) The appeal partially granted in terms of undergoing an investigation, but was partially denied in that no staff misconduct was found. (*Id*.)

9

Defendants submit a declaration by M. Voong, the Chief of the CDCR Office of Appeals, which shows that although Plaintiff submitted Log No. 5-16-01481 to the third level of appeal on June 21, 2016, it was screened out, and there is no record of it being accepted for any third level decision. (Voong Decl., Doc. No. 18-5, at ¶ 8 & Ex. A, C.) The Office of Appeal's screening letter to Plaintiff of July 15, 2016 states that the appeal was rejected at the third level for missing necessary support documents; namely, a CDC Form 1858, Rights and Responsibilities Statement. (*Id*. at 32.) Thus, Plaintiff was informed of the rejection and how to correct the appeal, but did not do so. This undisputed evidence shows that Plaintiff did not fully exhaust this appeal.

In opposition, Plaintiff argues that he should be excused from exhausting his grievance to the third level due to the unavailability of administrative remedies, based on several reasons. First, he argues that he was in fear of retaliation from continuing the appeals process. Plaintiff argues that he has shown a sufficient fear of retaliation based on the initial alleged labeling of him as a snitch by Defendant Leon, and the interview by Defendant Llamas. He argues that this evidence shows he was in fear of retaliation, that his fears increased due to the May 2016 interview, and that his fears were at an "all time high" on July 5, 2016. (Pl.'s Opp'n, Doc. No. 23, at 18.)

The evidence does not support Plaintiff's argument that a fear of retaliation made continuing the exhaustion of his administrative remedies effectively unavailable, either subjectively or objectively. *See Rodriguez*, 891 F.3d at 792. Plaintiff has not shown any evidence that he believed that prison officials would retaliate against him for continuing his grievance to the third level. The undisputed evidence is that he cooperated with prison officials in the second level review of his staff complaint and later attempted to submit his grievance to the third level. Further, there is no evidence to support any showing that a reasonable prisoner of ordinary firmness would have believed prison officials had threatened him not to continue his grievance to the third level. Thus, Plaintiff has not sufficiently created any material issue of disputed fact here.

Second, Plaintiff argues that since his appeal was granted in part, he was not obligated to continue the appeal. Plaintiff cites no authority for this position, and it has no merit, as CDCR

1 regulations provide that a prisoner must exhaust any portion of their complaint which was denied to the third level of review. *See* Cal. Code Regs., tit. 15 § 3084.7. The second level response delivered to Plaintiff explained to him, in plain language, that he must continue appealing the decision to the third level for his remedies to be considered exhausted. (May 4, 2016 Second Level Resp. at 61.) Further, as discussed above, Plaintiff admittedly attempted to submit his appeal to the third level of review, which belies his current argument.

Next, Plaintiff argues that his appeal was improperly screened. An inmate may be excused from exhaustion if he establishes (1) that he filed a grievance that, if pursued through all levels of administrative appeals, would exhaust the claim, and (2) that prison officials screened his grievance for reasons inconsistent with or unsupported by applicable regulations. *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010). In this case, Plaintiff makes conclusory assertions that grievances are routinely screened out improperly to cover up abuses and to discourage compliance. He further argues, again without support, that the screening process is problematic in that CDCR is aware that inmates have educational challenges, difficulties focusing, and short attention spans. Such generalized allegations are not sufficient to create any material issue of fact here. Plaintiff has offered no evidence that his appeal was improperly screened.

Under the PLRA, inmates are required to use all steps of an administrative process and comply with all deadlines and procedural rules. *Woodford*, 548 U.S. at 90. The evidence here is that Plaintiff's appeal was rejected for the failure to include required documentation, and that he was sent a letter informing him of the error in plain language. He fails to meet his burden to show that the process was rendered unavailable due to any errors made by prison officials in the screening process.

Based on the foregoing, the Court finds that Defendants have met their burden to show that Plaintiff did not fully exhaust available administrative remedies for his Eight Amendment failure to protect claim or First Amendment retaliation claim against Defendant Leon. Plaintiff has raised no disputed issue of material fact for his argument that remedies were effectively unavailable. Therefore, Defendant Leon is entitled to summary judgment on both of those claims.

11

The Court now turns to the parties' arguments regarding Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Melo.

### 3. Eighth Amendment Claim Against Defendant Melo

Defendants argue that Plaintiff failed to exhaust available administrative remedies prior to suing Defendant Melo for an Eighth Amendment violation. Plaintiff's claim arises out of allegations that his cell conditions caused him sores, puss bumps, and rashes for which he sought medical treatment in July 2015. (First Am. Compl. 12-13.) However, Defendant Melo allegedly refused to escort Plaintiff to a medical appointment and falsely claimed that he refused the appointment. (*Id*.)

It is undisputed that on July 23, 2015, Plaintiff submitted a CDC Form 602 HC, stating that he was ducated to see a doctor that date, and that Defendant Melo refused his medical treatment. (Robinson Decl., Doc. No. 18-6, Ex. B.) According to a declaration submitted by R. Robinson, Chief of the Inmate Correspondence and Appeals Branch, because Plaintiff submitted a health care appeal, rather than a custody appeal, on this issue concerning staff misconduct, the appeal was rejected at the first level on July 31, 2015. (*Id*. at ¶ 8 & Ex. B at 9.) Plaintiff was sent a cancellation notice explaining that "the custody issues of officers not escorting you to medical appointments and living conditions may be addressed by submitting CDCR 22 to Custody. . . ." (Cancellation Notice, Ex. B. at 8.)

On August 18, 2015, Plaintiff then submitted a CDCR Form 602 regarding various issues, including staff not taking him to a medical appointment, with Log No. 5-15-04860. (Oliveira Decl. ¶ 10 & Ex. G, at 72.) The appeal was rejected at the second level, and a letter was sent to Plaintiff on August 20, 2015 explaining that his appeal. was rejected for multiple reasons. The reasons included that Plaintiff's appeal involved multiple issues not derived from a single event, and did not attach sufficient required documentation. (*Id*.) There are no records showing that the grievance was properly or timely resubmitted. (*Id*.)

Section 3084.6 of Title 15 of the California Code of Regulations provides that the lack of supporting documentation and the inclusion of multiple issues not derived from a single event are valid reasons for rejecting an appeal. 15 CCR § 3084.6(b)(7), (8). Plaintiff makes no argument

nor cites any evidence that this screening was improper. Therefore, Defendants have shown that available administrative remedies were not fully and properly exhausted for this claim, and Plaintiff raises no material issue of disputed fact precluding summary judgment. Thus, Defendant Melo is entitled to summary judgment on this Eighth Amendment claim due to Plaintiff's failure to exhaust available administrative remedies.

**IV.  Conclusion**

For the reasons explained above, it is HEREBY ORDERED that Defendants' motion to strike Plaintiff's sur-reply, filed on July 14, 2017 (Doc. No. 26), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for the failure to exhaust administrative remedies, filed on March 28, 2017 (Doc. No. 18) be granted; and

2. This action be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 11, 2018**     /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

13